UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SEAN ROBERTS AND STEVEN HILL** | )<br>) |
| Plaintiffs | ) |
|    v. | )<br>) |
| **CITY OF CHICAGO FIRE DEPARTMENT,** | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

NOW COMES, the Plaintiffs, SEAN ROBERTS and STEVEN HILL by and through their attorney, Stephen L. Richards, bringing forth his complaint against City of Chicago Fire Department, defendant, and in support states as follows:

### JURISDICTION

1. This Court has jurisdiction of this case pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq, 29 U.S.C. §§ 621-34 ADEA and 29 U.S.C. § 626(b).

2. This action properly lies in the Northern District of Illinois, pursuant to 28 U.S.C. 1391 (b), because the claims arose in this judicial district.

3. Plaintiff Sean Roberts is an African American male who is 47 years of age.

4. Plaintiff Steven Hill is an African-American male who is 48 years of age.

5. Defendant City of Chicago Fire Department is an employer with its principal place of business in Chicago, Illinois and is an employer within the meaning of Title VII.

6. At all times relevant, plaintiffs were African-American males who were qualified to be employed as a firefighter by Defendant City of Chicago Fire Department.

7. On or about February 23, 2012, defendant made plaintiffs a conditional offer of employment.

8. On March 16, 2012, defendant began a training class at its Fire Academy without offering plaintiffs employment.

9. Plaintiffs have complied with all administrative prerequisites by filing timely charges of discrimination with the EEOC and with the Illinois Department of Human Rights on or about

10. On March 31, 2014 the EEOC sent Sean Roberts his right to sue letter and on April, 3, 2014, sent Steven Hill his right to sue letter.

11. Plaintiffs have commenced suit within 90 days of receiving their right to sue letters.

## COMMON ALLEGATIONS

12. Defendant is a division of municipal government charged with such duties as responding to fire emergencies and medical emergencies.

13. In 1995, Plaintiffs were among thousands of individuals who applied for a Firefighter/EMT position with Defendant. Plaintiffs were among thousands of applicants who were dropped from consideration due to scoring between 65 and 88 on a required pre-employment written examination.

14. At some time following 1995, the legal action known as *Lewis v. City of Chicago* was launched. The legal action surrounded the allegation that an applicant by the name of *Lewis*, as well as some 6,000 class members, were denied employment with Respondent due to the written examination's inherent disparate impact against black applicants.

15. Plaintiffs were members of the class.

16. By March 22, 2005, the United States District Court ("the Court") entered a judgment against defendant, having found that the manner in which defendant hired Firefighter/EMTs (based on the 1995 written examination) discriminated against black applicants.

17. On August 17, 2011, the Court ordered a remedy for the class members of *Lewis* v. *City of Chicago*. The remedy included the hiring of 111 class members and monetary compensation for the remaining class members, who would not be hired.

18. In late October of 2011, plaintiffs each received a letter from defendant advising them that they would be considered for a Firefighter/EMT position among the 111 that were to be offered to class members. They were advised that they would have to successfully complete a physical abilities test, a drugs screen, and a background check.

19. Both Plaintiffs had no problems passing the physical abilities test, the drug screen, and a background check.

20. The background check was done by a company named Kentech, who used investigator Gary Head.

21. The background check for both plaintiffs was completed on January 5, 2012.

22. No notice was given to either plaintiff of a medical screening before February 22, 2012.

23. Plaintiff Sean Robert's lottery number was 302, which was 46th in rank order of the 111 applicants who passed the physical abilities test, the drug screen, and the background check.

24. Plaintiff Steven Hill's lottery number was 181, which placed him well within the first 111 qualified Lewis class members.

25. On February 27, 2012, plaintiff Sean Roberts submitted to a physical examination conducted by a contractor of defendant.

26. Following this examination, respondent did not contact plaintiff Roberts to inform him that he had passed this examination, that he had failed this examination, or that further medical tests or documents were required until March 8, 2012.

27. On February 24, 2012, plaintiff Steven Hill submitted to a physical examination conducted by a contractor of defendant.

28. On March 2, 2012 defendant advised plaintiff Steven Hill that he would need to repeat some of the physical testing due to abnormal numbers.

29. On the same date, defendant also advised plaintiff Steven Hill that he would need to have his doctor provide a medical release for a hernia surgery he underwent in 1996, and for a kidney stone removal that he underwent in 1987.

30. Plaintiff Steven Hill provided all of the requested items to defendant on March 7, 2012.

31. On March 8, plaintiff Sean Roberts went personally and spoke with Commander Flynn in respondent's Division, who advised plaintiff that he had not passed a pulmonary functions test and that he would need to provide further medical documentation and do blood work by March 15, 2012.

32. Plaintiff Sean Roberts submitted the requested documents on March 9, 2012.

33. After submitting these documents, plaintiff Sean Roberts did not hear further from any of defendant's officials.

34. On March 9, 2012, defendant advised plaintiff Steve Hill that he would need to undergo further re-testing, and that he would need actual medical records relating to his

1996 hernia surgery and his 1987 kidney stone removal.

35. Plaintiff Steven Hill had no concern about his re-testing, as he was a marathon runner and in good health. He was concerned, however, about obtaining medical records from 16 years ago and 25 years ago. He worried that the records might not be available or might be impossible to obtain quickly.

36. On March 15, 2012, plaintiff Steven Hill provided defendant with all requested documents except a pulmonary medical release, which he was able to obtain and provide to defendant on the next day, March 16, 2012. Although plaintiff Steven Hill was aware that defendant was beginning training for Lewis class members on March 16, 2012, defendant told complainant not to worry, as a second class would be starting shortly and he was "still in the running."

37. The training for the initial 84 members of the individuals to be hired in the *Lewis* class began on March 16, 2012.

38. A second class, of the remaining 27 members, began on March 23, 2012.

39. Actual training did not begin until March 23, 2012.

40. Eventually, on March 22, 2012, an attorney from the law firm . that represented *Lewis* class members, attorney Karsh telephoned plaintiff Sean Roberts.

41. Although plaintiff Sean Roberts does have bronchitis, his bronchitis does not disqualify him from properly performing the duties of a firefighter.

42. Had plaintiff Sean Roberts not had bronchitis and had he not had to submit additional documentation, he would have been hired as one of the 111 *Lewis* hires.

43. On April 2, 2012, defendant found plaintiff Steven Hill to be medically qualified for the firefighter/EMT position.

COUNT I

DISCRIMINATION IN HIRING BASED UPON DISABILITY (Sean Roberts)

44. Plaintiff Sean Roberts incorporates by reference allegations 1-34.

45. Plaintiff Sean Robert's condition, bronchitis, is a disability within the meaning of Title VII of the Civil Rights Act.

46. Had plaintiff Sean Roberts not suffered from that condition he would not have had not submit additional medical documentation.

47. Similarly situated non-disabled applicants in the *Lewis* employees of defendant were not required to provide such documentation.

48. In violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq., as amended, Defendant violated plaintiff Sean Robert's civil rights when it discriminated against him based on his disability.

49. Defendant's acts were done intentionally and with reckless disregard to plaintiff Sean Robert's rights under Title VII, as amended.

Count II

DISCRIMINATION IN HIRING BASED UPON DISABILITY (Steven Hill)

50. Plaintiff Steven Hill incorporates by reference allegations 1-40.

51. Plaintiff Steven Hill's condition, asthma is a disability within the meaning of Title VII of the Civil Rights Act.

52. Had plaintiff Steven Hill not suffered from that condition he would not have had not submit additional medical documentation.

53. Similarly situated non-disabled applicants in the *Lewis* employees of defendant were

not required to provide such documentation.

54. In violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq., as amended, Defendant violated plaintiff's civil rights when it

55. discriminated against him based on his disability.

56. Defendant's acts were done intentionally and with reckless disregard to plaintiff Steven Hill's rights under Title VII, as amended.

WHEREFORE, Plaintiffs demand all remedies available to them. These remedies include, but are not limited to punitive and compensatory damages, backpay and attorneys fees in excess of $50,000.00 dollars.

                                    Plaintiffs SEAN ROBERTS and STEVEN HILL

                                    /s/ Stephen L. Richards
                                  By: Stephen L. Richards

                                651 W. Washington Suite 205
                                Chicago, IL 60661
                                773-817-6927
                                Sricha5461@aol.com
                                Attorney No: 6191946

APPENDIX (Right to Sue Letters)



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2014 0622

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

April 3, 2014

Mr. Steven Hill
c/o Stephen L. Richards, Esquire
Law Office of Stephen L. Richards
651 W. Washington
Suite 205
Chicago, IL 60661

Re: EEOC Charge Against City of Chicago, Fire Dept.
    No. 21B201201526

Dear Mr. Hill:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Jocelyn Samuels
                                        Acting Assistant Attorney General
                                        Civil Rights Division

                                    by  *Karen L. Ferguson*
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc: Chicago District Office, EEOC
    City of Chicago, Fire Dept.



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2014 0318

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 31, 2014

Mr. Sean Roberts
c/o Stephen L. Richards, Esquire
Law Office of Stephen L. Richards
651 W. Washington
Ste. 205
Chicago, IL 60661

Re: EEOC Charge Against City of Chicago Fire Department
    No. 21B201201537

Dear Mr. Roberts:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:
   Title I of the Americans with Disabilities Act of 1990,
   42 U.S.C. 12111, et seq., and,
   Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Jocelyn Samuels
Acting Assistant Attorney General
Civil Rights Division

by *Karen S. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
    City of Chicago Fire Department