UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN ROBERTS AND STEVEN HILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 14 C 2840 |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the motion of City of Chicago (the "City") to dismiss the amended complaint brought by Plaintiffs Sean Roberts ("Roberts") and Steven Hill ("Hill") (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons set forth below, the Court grants the City's motion to dismiss.

## STATEMENT

For the purposes of the instant motion, the following well-pleaded allegations derived from Plaintiffs' amended complaint are accepted as true. The Court draws all reasonable inferences in favor of Plaintiffs. Plaintiffs are African American males who first applied for employment with the Chicago Fire Department (the "CFD"), represented by the City in the instant matter, in 1995. Plaintiffs were among

1

thousands of applicants who applied for positions with the CFD, but were dropped from consideration because of their scores on a required pre-employment examination.

Plaintiffs subsequently joined the class action suit, *Lewis v. City of Chicago*, against the City ("*Lewis* class"). On August 17, 2011, the court presiding over *Lewis* ordered the City to hire 111 of the class members who were denied employment due to the inherent disparate impact against black applicants on the written examination. In October 2011, Plaintiffs each received a letter from the City informing them that they were among the 111 class members who would be considered for a firefighter or EMT position. Plaintiffs were advised that they would have to successfully complete a physical abilities test, a drug screen, and a background check. It was not until February 22, 2012 that Plaintiffs were notified that they needed to pass a medical screening. On February 23, 2012, the City allegedly made Plaintiffs a conditional offer of employment.

On February 24, 2012, a City contractor conducted a physical examination on Hill. On March 2, 2012, Hill was informed that he would need to repeat the physical portion of the test, and that he would need to provide a release from his doctor for hernia surgery he underwent in 1996 and kidney stone removal in 1987. On March 9, 2012, the City told Hill he would need to undergo more testing and that he would need actual medical records from his past procedures. Hill alleges that he had no concern about the additional tests because he was a marathon runner and in good

health. On March 15, 2102, Hill provided the City with all requested documents except a pulmonary medical release, which he provided the next day. Although Hill knew that the City was beginning its training for *Lewis* class members on March 16, 2012, the City told Hill that he was "still in the running." On April 2, 2012, the City found Hill to be medically qualified for a firefighter or EMT position.

On February 27, 2012, Roberts also was physically examined by a City contractor. After the examination, Roberts was informed that he had not passed and would need further medical documentation. On March 9, 2012, Roberts submitted the requested documents. On March 22, 2012, the attorney that represented the *Lewis* class members called Roberts. The amended complaint does not reveal what was discussed during the phone conversation. Roberts admits that he has bronchitis, but does not believe that this disqualifies him from performing the duties of a firefighter. Roberts maintains that if he did not have bronchitis and did not have to submit additional medical documentation, he would have been hired as one of the 111 *Lewis* hires.

Plaintiffs contend that the City began training a new class at the Fire Academy without offering them employment. On December 10, 2014, Plaintiffs filed a two-count amended complaint against the City. Plaintiffs assert jurisdiction pursuant to the Americans with Disabilities Act Amendment Acts of 2008 (the "ADAAA"), 42 U.S.C. § 12101 *et seq.* Plaintiffs allege that they are "disabled" under 42 U.S.C. §

12112(a)[1]. They assert that bronchitis and asthma are diseases which substantially limit a major life activity, breathing, and which may be episodic or in remission. Hill also allegedly suffers from a hernia and from kidney stones, which make him disabled because they substantially limit major life activities and may be episodic or in remission. Plaintiffs allege that the City is an employer within the meaning of the ADAAA and that Plaintiffs were qualified to be employed as firefighters by the City.

Plaintiffs also allege that they have complied with all administrative prerequisites by filing timely charges of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and with the Illinois Department of Human Rights (the "IDHR"). On April 20, 2012, Hill filed a charge of discrimination with the IDHR and the EEOC for failure to hire based on his physical disability, asthma. On April 23, 2012, Roberts filed a charge of discrimination with the IDHR and the EEOC for failure to hire based on his physical disability, bronchitis. On March 31, 2014, the EEOC sent Roberts his right to sue letter and on April 3, 2014, the EEOC sent Hill his right to sue letter.

In Count I, Roberts alleges that his condition, bronchitis, is a disability within the meaning of the ADAA. Roberts further asserts that if he had not suffered from bronchitis, he would not have had to submit additional medical documentation, and that similarly situated non-disabled applicants also involved in the *Lewis* case were not required to provide such documentation. Roberts finds that the City violated his

---

[1] Plaintiffs incorrectly cite to "42 U.S.C. Sec. 1212(a)."

civil rights when it discriminated against him based on his disability. Roberts also claims that the City's acts were done intentionally and with reckless disregard of Robert's ADAAA rights. In Count II, Hill also claims that the City discriminated against him in violation of the ADAAA, based on his disability, asthma, which is a disability within the meaning of the ADAAA. Hill avers that similarly situated non-disabled applicants were not required to provide such documentation. Hill contends that the City violated his civil rights when it discriminated against him based on his disability. Hill argues that the City discriminated against him intentionally and with reckless disregard of his ADAAA rights. Hill does not allege under Count II that his hernia and kidney stones caused him to be subjected to unreasonable, last minute requests for medical records which fatally delayed his application and resulted in his being denied the position of a firefighter, despite being found medically qualified. However, he does state this under the common allegations.

     A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Essentially, the complaint must provide the defendant with "fair notice" of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual allegations

5

that, if accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to succeed on a discrimination claim under the ADAAA, Plaintiffs must establish that they are "qualified individual[s] with a disability." *Budde v. Kane Cnty. Forest Preserve*, 597 F.3d 860, 862 (7th Cir. 2010) (citing *Basith v. Cook Cnty.*, 241 F.3d 919, 927 (7th Cir. 2001)). To plead a disability discrimination claim, a plaintiff must allege, at a minimum, facts showing that: (i) he is "disabled" as defined by the statute; (ii) he is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (iii) he suffered an adverse employment action. *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838-39 (7th Cir. 2012). An individual is "regarded as" disabled if he has been subjected to an action prohibited by the ADAAA "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(1)(C); 12102(3)(A). To state claims for discrimination under the "regarded as" prong, Plaintiffs must plead facts from which this Court can reasonably infer that they were not hired because of their perceived disabilities. *See Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 963 (7th Cir. 2010) (holding that a plaintiff must show "that [his] perceived disability was a but-for cause of [his] discharge").

In their amended complaint, Plaintiffs claim that they were not hired in violation of the ADAAA because they were "mistakenly believed to be disabled" by

the City. The City avers that Plaintiffs fail to allege any facts which plausibly suggest that the City violated the ADAAA when it requested medical documents from them. In fact, the City heavily relies on the fact that an employer may require a medical examination and obtain "information . . . regarding the medical condition or history of the applicant[.]". 42 U.S.C. § 12112(d)(3). Plaintiffs argue that the *Lewis* class was conducted in a very short, disorganized, time span, which did not give individuals with disabilities adequate time to comply with requests for records or to demonstrate that despite their disabilities, they were in fact qualified to be firefighters and EMTs. Plaintiffs contend that nothing in the ADAAA enables "an employer to structure the hiring process as an 'obstacle course' in which individuals with disabilities are given no reasonable opportunity to demonstrate, in a timely manner, that they are qualified to be hired despite their disabilities." They cite to their individualized experiences: (i) Hill, suffering from asthma, who was ultimately found to be medically qualified, was subject to "confusing and conflicting" demands for retesting, doctors' releases, and dated medical records that prevented him from being hired as a firefighter; (ii) Roberts, suffering from bronchitis, was never even informed whether he was medically qualified or not and, despite providing the requested documents, was never hired.

Indeed, there may have been an unfortunate delay which caused Plaintiffs to miss the opportunity to participate in training with the *Lewis* classes. However,

nothing in the ADAAA prohibited the City from seeking additional information about Plaintiffs' medical conditions. Simply because the opportunity arose for Plaintiffs to be considered for a firefighter or EMT position among the 111 positions that were to be offered to class members does not mean all requisite medical testing, that the City can lawfully request, subsequently fell to the wayside. The Court cannot reasonably infer from the allegations in the amended complaint that Plaintiffs were not hired because of their perceived disabilities or that their disabilities were a "but-for" cause of not being eligible for training. Further, we do not find that the City's requirements of continued testing and timely submissions of qualifying medical documents were exclusively implemented on Plaintiffs because of their alleged disabilities. Not only does the amended complaint lack well-pleaded allegations on this issue, but Plaintiffs' argument in their response to the instant motion that "[p]resumably[,] [Hill's] place was taken by a nondisabled individual with a higher lottery number who did not have to provide extensive medical documentation or undergo further testing" is not enough to suggest that Plaintiffs were subject to adverse employment actions because of their perceived disabilities. The City's motion to dismiss is granted. It is so ordered.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: 4/3/2015